UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TROY BROOKS,

                              Plaintiff,

                                                                                    DECISION AND ORDER

                                                                                    05-CV-6021L

                              v.

D.S.S. CHAPPIUS, et al.,


                              Defendants.
_____

Plaintiff has moved for the entry of default against defendants in this *pro se* civil rights action. The motion is denied.

The apparent basis for plaintiff's motion is that defendants have not answered the complaint within the time prescribed by the Federal Rules of Civil Procedure. Rule 55(a), however, provides that default shall be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead *or otherwise defend* as provided by these rules ... ." (Emphasis added.) Defendants have filed a motion to dismiss, which the Court has converted into a motion for summary judgment under Rule 56. The filing of that motion (which is currently pending before the Court) constitutes "otherwise defend[ing]" for purposes of Rule 55. *See Bass v. Hoagland*, 172 F.2d 205, 210 (5th Cir. 1949); *Rashidi v. Albright*, 818 F.Supp. 1354, 1355-56 (D.Nev. 1993), *aff'd*, 1994 WL 594637 (9th Cir. 1994).

To the extent that plaintiff's motion is based on defendants' allegedly untimely filing of their motion to dismiss, it is also denied. "[D]efaults are generally disfavored and are reserved for rare occasions ... ." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). *See also Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 174 (2d Cir. 2001) ("It is well established that default judgments are disfavored. A clear preference exists for cases to be adjudicated on the merits"). Since I see no prejudice to plaintiff resulting from any tardiness in defendants' moving against the complaint, plaintiff's motion is denied. *See Deajess Medical Imaging, P.C. v. Allstate Ins. Co.*, No. 03CIV3916, 2004 WL 1920803, at *3 (S.D.N.Y. Aug. 27, 2004) ("Plaintiff makes no argument that it would be prejudiced if the Court were to refuse to enter default judgment and, indeed, the Court finds that there is no basis for such an argument. At best, Plaintiff could argue that it was inconvenienced by the delay, but delay alone is an insufficient basis for a finding of prejudice") (citing *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983)).

## CONCLUSION

Plaintiff's motion for the entry of default (Dkt. #27) is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
    March 1, 2006.