**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

Troy Brooks,

        Plaintiff,

        v.

D.S.S. Chappius, *et al.*,

        Defendants.

**DECISION AND ORDER**
05-CV-06021

## Preliminary Statement

The *pro se* plaintiff brings this 42 U.S.C. § 1983 action for alleged violations of his Eighth and Fourteenth Amendment rights, including claims for violations of Due Process, cruel and unusual punishment, inadequate medical care and retaliation. See Amended Complaint (Docket # 4). Specifically, plaintiff alleges, *inter alia*, that in December 2003, while incarcerated at the Southport Correctional Facility, he was denied his Due Process rights by being improperly placed on "Punitive Level One segregation status." Plaintiff alleges that defendants violated protocol by failing to issue written misbehavior reports and failing to give plaintiff the opportunity for a hearing to contest his alleged misbehavior. Plaintiff further alleges that defendants subjected him to cruel and unusual punishment by placing him on a "diet loaf" and withholding meals. See id. Currently pending before the Court are plaintiff's motions for appointment of counsel (Docket # 61) and for sanctions (Docket # 67).

**Discussion**

**I. Plaintiff's Motion to Appoint Counsel (Docket # 61).**

With the instant motion to appoint counsel, plaintiff claims that the appointment of counsel is necessary because, *inter alia*, his "imprisonment will greatly limit his ability to litigate," the issues in this case are "complex," he has "limited access to the law library," and "has limited knowledge of the law." See Docket # 61. For the reasons that follow, plaintiff's motion for appointment of counsel (Docket # 61) is **denied without prejudice to renew**.

Under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir. 1988). An assignment of counsel is a matter within the judge's discretion. *In re* Martin-Trigona, 737 F.2d 1254, 1260 (2d Cir. 1984). "There is no requirement that an indigent litigant be appointed pro bono counsel in civil matters, unlike most criminal cases." Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994). The factors to be considered in deciding whether or not to assign counsel were set forth by the Second Circuit in Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986):

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability

> to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Applying the factors set forth in Hodge, I find that plaintiff's allegations satisfy the initial threshold showing of merit. See Modlenaar v. Liberatore, No. 07-CV-6012 CJS, 2009 WL 2179661, *4 (W.D.N.Y. July 22, 2009)(allegation that loaf diet violated inmate's right to religious freedom satisfied the threshold showing of merit); Mackey v. DiCaprio, 312 F. Supp. 2d 580, 582 (S.D.N.Y. 2004)(court found plaintiff's Eighth Amendment claim satisfied the threshold showing of merit). However, having reviewed the amended complaint and considered the nature of the factual and legal issues involved, as well as the plaintiff's ability to present his claims, I conclude that appointment of counsel is not warranted at this particular time.

"Volunteer lawyer time is a precious commodity" that "should not be allocated arbitrarily." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). Although an inmate, Mr. Brooks has demonstrated unusual effectiveness in prosecuting his claims. He has drafted coherent and appropriate pleadings. His amended complaint is detailed in nature and fully describes the events that led to his alleged injuries. Plaintiff has also utilized the

discovery process and has drafted and served discovery demands and a motion to compel. Plaintiff has obtained witness affidavits and cites relevant case law in support of his requests. The factual circumstances surrounding plaintiff's claims are not unusually complicated and, at least at this point in time, plaintiff has shown that he is capable of prosecuting his case. See Castro v. Manhattan E. Suite Hotel, 279 F. Supp. 2d 356, 358 (S.D.N.Y. 2003)(denying appointment of counsel after noting that "there is no indication that [plaintiff] lacks the ability to present his case").

Given the limited resources available with respect to pro bono counsel, I find no "special reason" why appointment of counsel at this stage would be more likely to lead to a just determination. See Boomer v. Deperio, No. 03-CV-6348L, 2005 WL 15451, at *1-2 (W.D.N.Y. Jan. 3, 2005)(court denied motion to appoint counsel despite plaintiff's claims that the matter was complex and he had a limited knowledge of the law); Harris v. McGinnis, No. 02 Civ. 6481(LTSDF), 2003 WL 21108370, at *2 (S.D.N.Y. May 14, 2003)(application denied where plaintiff "offered no special reason why appointment of counsel would increase the likelihood of a just determination"). Plaintiff may consult with the Western District of New York's pro se office attorneys for questions on process and procedure.

4

**II. Motion for Sanctions (Docket # 67).**

With the instant motion for sanctions (Docket # 67), plaintiff seeks to sanction the defendants for failing to execute service on defendants Keenan and McLaughlin, and for failing to respond to his revised discovery demands (Docket # 58).

With respect to service, on March 19, 2010, the Court held a telephone status conference with defense counsel and pro se plaintiff. Pursuant to agreements reached during the conference, the Court ordered that defense counsel "investigate why these defendants [Keenan and McLaughlin] have not yet been served" and "[i]f defense counsel determines that service by mail is not possible, he must provide the Court with the home addresses of defendants McLaughlin and Keenan by **April 5, 2010** so that the United States Marshals can personally serve them." See Docket # 64. The Court further ordered that "Defendants shall respond to plaintiff's revised discovery demands (Docket # 58) by **April 2, 2010**." Id.

On April 5, 2010, defendant Keenan answered plaintiff's amended complaint. (Docket # 66). However, defendant McLaughlin never answered the amended complaint and it was not until May 27, 2010, in response to a motion for sanctions, that defense counsel notified plaintiff and the Court that he has been unable to identify defendant McLaughlin. In their response to plaintiff's motion for sanctions (Docket # 67), defendants assert that

5

Southport Correctional Facility "cannot identify which Officer McLaughlin is alleged to be involved in this case because there were five (5) officer McLaughlin at Southport CF and two (2) have retired, and one (1) has transferred to a different facility and two (2) remain at Southport CF." See Declaration of J. Richard Benitez, Esq. (Docket # 71) at ¶ 5.

Notwithstanding their tardy notification, defense counsel can not assist the Court in identifying defendant McLaughlin without more information. Accordingly, no later than October 1, 2010, plaintiff shall provide to defense counsel a detailed written description of the Officer McLaughlin who committed the actions alleged in the amended complaint, and shall include as many physical characteristics as possible to assist in identifying the correct Officer McLaughlin to be served. Defense counsel shall have three weeks to make reasonable efforts to identify the relevant Officer McLaughlin and notify the Court in writing the results of his investigation.

Plaintiff also claims that defendants failed to respond to plaintiff's revised discovery demands by April 2, 2010, the date directed by Court order. Again, defense counsel did not respond to the Court's order by the deadline, but waited until plaintiff moved for sanctions to explain his actions. According to defense counsel, "[a]s to the discovery demands, thirteen defendants have responded." Defense counsel then refers the Court to docket

numbers 44-56 and 60.  <u>See</u> Declaration of J. Richard Benitez, Esq. (Docket # 71) at ¶ 6.  All of these documents were filed <u>before</u> the date of my March 22, 2010 Order (Docket # 64) and hence could not satisfy the Court's direction.  In response to the motion for sanctions, defense counsel simply states: "The defendants stand by their responses and any further inquiry by the plaintiff is intended to harass, annoy, oppress the defendants and are irrelevant to plaintiff's claims."  <u>See</u> Declaration of J. Richard Benitez, Esq. (Docket # 71) at ¶ 6.

Defense counsel's failure to comply with an Order of this Court and then wait until sanctions are sought to offer an excuse is unacceptable.  The Court has reviewed plaintiff's revised interrogatories (Docket # 58).  While they may not be drafted as artfully as a lawyer would be in propounding interrogatories, the Court had no difficulty identifying the general nature of what <u>pro se</u> plaintiff is asking.  Defendants have now waived any objection to the sufficiency, relevancy or format of the interrogatories.  Defendants shall have twenty one (21) days from the date of this Order to respond to the interrogatories.  **Failure to comply with this Order will result in a sanction of $500.00**.

## <u>Conclusion</u>

Plaintiff's motion to appoint counsel (Dockets # 61) is **denied without prejudice to renew** for trial.  Plaintiff's motion

for sanctions (Docket # 67) is **denied without prejudice to renew if defense counsel fails to comply with this Order.** Discovery is now closed. On July 19, 2010, the Court granted defense counsel's request to extend the dispositive motion deadline to August 2, 2010. The extended deadline has now passed and no dispositive motion has been filed. The case will now be referred to Judge Larimer for trial.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: September 16th, 2010
Rochester, New York